## William C. Niblack, Receiver of La Salle Street Trust & Savings Bank, Plaintiff in Error, v. L. Adler and Isadore Adler, Defendants in Error.

### Gen. No. 22,272.

1. BILLS AND NOTES—*when new note constitutes renewal of note.* Whether a new note constitutes a renewal of a former note depends upon the intention of the parties.

2. BILLS AND NOTES, § 298*—*what constitutes payment of old note and not renewal.* Where a new note is given to procure a new loan and is discounted by the payee, a bank, and a check drawn on the proceeds for the amount of a former note, there is a payment of such former note and not a renewal thereof.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when admission in statement of claim is not controlling.* The fact that plaintiff makes an admission in his statement of claim that the note sued on is a renewal note is not controlling where such pleading is supplanted by an amended pleading not containing such averment, and the supplanted pleading is not offered in evidence.

4. SET-OFF AND RECOUPMENT, § 9*—*what does not constitute matter of in action on note against individual members of partnership.* In an action by a bank on a new note against the members of a partnership as individuals, a claim by defendants for a balance due them out of funds they deposited with a clerk of the bankruptcy court for a composition settlement, the funds for which were furnished by the bank, upon receiving a note therefor, and which funds were deposited in the bank by the clerk, constitutes neither recoupment nor set-off as it did not grow out of the transaction sued on and the matter of set-off was one in which defendants were interested as copartners and not as individuals.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and judgment here with finding of fact. Opinion filed December 21, 1917. Rehearing denied January 2, 1918.

HIRAM T. GILBERT and JACOB LOGAN FOX, for plaintiff in error; LEWIS, FOX & ADELSDORF, of counsel.

HERMAN FRANK, HARRY J. LURIE and LOUIS GROLLMAN, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This writ of error seeks the reversal of a judgment for costs rendered against the plaintiff below (plaintiff in error here) in an action on a promissory note of defendants for $3,000 dated June 1, 1914, and payable to the La Salle Street Trust & Savings Bank 90 days after date with 7 per cent. interest after maturity. The trial was had without a jury. The note came into the hands of plaintiff as receiver of said bank.

The main issue of fact presented by the pleadings was whether said note was a renewal of a previous note given by defendants to said bank. The court's general finding involved the conclusion that it was. Because we must reach a different conclusion, a discussion of other points raised in the briefs will be unnecessary.

The question arises on these undisputed facts. Defendants had a deposit account in said bank in their partnership name of L. Adler & Son. As such partners they were adjudicated bankrupts and later effected a composition with their creditors. To effect the composition the bank advanced to them $5,000, for which they gave their note dated December 22, 1913. They also executed another note dated December 24, 1913, to the bank for $2,698.05, the full amount of their indebtedness to it at the time they filed their petition in bankruptcy. Each note matured 90 days from its date. Before the maturity of the first note it was reduced by partial payments, and on April 1, 1914, defendants deposited two new notes at the bank maturing in 90 days, one for $3,000 and the other for $2,000, representing the unpaid balance of the original notes. The note for $2,000 was subsequently paid in cash. On June 4, 1914, the note sued on was discounted by the bank and its proceeds were credited to defendants' bank account. At the same time they gave their check

for $3,031, the amount then due on the note for $3,000 of April 1, 1914, which was charged to their said account leaving a credit balance of $719.92, and thereupon the latter note was stamped "paid" and surrendered to defendants.

Defendants contended that the note in question was a renewal of their original note for $2,698.05, and that the latter was void because given as a secret preference whereby the bank's claim was to be paid in full without the knowledge of the other creditors to the composition agreement. If, however, the note sued on was not in fact a renewal of a prior note the question whether the latter was void need not be considered.

It is conceded that whether the note in question could be deemed a renewal of a former note depends on the intention of the parties. While one of the defendants testified that it was a renewal yet, unless the facts and circumstances surrounding the transaction would so import, such testimony merely amounted to his conclusion.

In substance and legal effect there were two distinct transactions, one was the acceptance by the bank of the note sued on for discount and the crediting of defendants' deposit account with the cash less discount constituting the consideration of the note, and the other was the paying of another note then due by defendant's personal check on his said account. In other words, the old debt was extinguished and a new loan was made represented by the new note. Upon a similar state of facts in *Merriman v. Social Mfg. Co.,* 12 R. I. 175, where new notes were discounted by a bank and the proceeds placed to the credit of the makers on the books of the bank on which they drew checks to pay prior notes given by the same makers, the court said: "The new notes were given to create new credit, or, in other words, to procure in fact new loans, the proceeds of which were applied, by the checks drawn for that purpose, to the payment of the notes, which

were surrendered.'' The rule was reaffirmed in *First Nat. Bank of Pawtucket v. Littlefield*, 28 R. I. 411, and the principle recognized and applied in *Bank of United States v. Daniel*, 37 U. S. 32, and *Letcher v. Bank of Commonwealth*, 1 Dana (Ky.) 82. In the latter case a note was discounted at the bank and the proceeds applied in payment of a note then due. Suit was brought on the original note and payment was pleaded. In sustaining the defense the court said: ''The new notes executed to the bank are not notes for the original debt; but they are independent notes offered for sale in order to raise funds to pay off the old debts. The contracts are essentially distinct.''

These and other authorities support the view that the giving of the two notes, the original and the one in question, were distinct transactions supported by different considerations, and that the consideration of the note in question was founded in the credit given by the bank to defendants' deposit account and that it is not infected with the fraud, if any, in the giving of the note on which the credit was first extended.

It is urged by defendants in error that plaintiff made a solemn admission in his amended statement of claim by averring therein that the note in question was a ''renewal note.'' While we recognize the force of an admission made in pleadings, yet the said pleading was supplanted by an amended pleading not containing such averment, and the supplanted pleading was not offered in evidence. However, such admission might well, in view of the real facts, be deemed as made under a misapprehension of their true significance.

Towards the close of the case defendants in error were permitted to file an additional affidavit of merits in which they set up that there was a balance due them out of the funds they deposited with the clerk of the bankruptcy court for the composition settlement, which the clerk had deposited to his account in said bank. Such a claim constitutes neither recoupment

nor a set-off. It does not grow out of the transactions sued on and obviously does not constitute a claim against the bank. Besides defendants were sued in this matter as individuals and the matter pleaded as a set-off is one in which they were interested as copartners.

In view of this conclusion the judgment of the court below will be reversed and a judgment entered here for $3,694.16, being the principal of the note with interest at the rate of 7 per cent. per annum after its maturity, namely, August 31, 1914.

*Reversed and judgment here with finding of fact.*

Finding of fact. We find that the defendants in error, as makers, and the La Salle Street Trust & Savings Bank, as payee, of the notes sued on and described in the statement of claim mutually intended that said note should be given and accepted to create new credit for defendants in error with said bank, and that in consideration of the execution and delivery of said note said bank extended credit to them to the amount thereof, less discount; and we find that said note was not given to renew a previous note given said bank by said defendants in error.